**United States Bankruptcy Court**
**Eastern District of Arkansas**

In re  **Kamara Durham**                                     Case No.
                                        Debtor(s)            Chapter    **13**

# Arkansas Chapter 13 Plan
(Local Form 13-1)

**Original Plan** ☑    **Amended Plan** ☐   **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.

The Amended Plan is filed:   ☐ Before confirmation
                             ☐ After confirmation

## Part 1: Notices

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☑ **Original plan filed** *at the time* **the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

☐ **Original plan filed** *after* **the petition is filed or amended plan (only if filed prior to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☐ **Amended plan:** Within 21 days after the filing of the amended plan.

Debtor(s) **Kamara Durham**        Case No.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ☑ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1**    **The debtor(s) will make regular payments to the trustee as follows:**
*Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $__1,160.00__ per month to the trustee. The plan length is **60** months.
The following provision will apply if completed:

Plan payments will change to $ __1448.00__ per month beginning on __December 2020__ .

Plan payments will change to $__ per month beginning on __.
     *(Use additional lines as necessary)*

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**    **Payments shall be made from future income in the following manner:**

Name of debtor   **Kamara Durham**
☑ Direct pay of entire plan payment or ____ (portion of payment) per month.

☐ Employer Withholding of $____ per month

     Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
     If other, please specify:____
     Employer name:
     Address:

     Phone:

Name of debtor

☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

☐ Employer Withholding of $____ per month.

     Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
     If other, please specify:____
     Employer name:
     Address:

Debtor(s) **Kamara Durham**            Case No.

Phone:

**2.3**    **Income tax refunds.**

*Check one.*

☑ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4**    **Additional payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

# Part 3: Treatment of Secured Claims

**3.1**    **Adequate Protection Payments.**
*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| | | | |

**3.2**    **Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

Debtor(s) **Kamara Durham**              Case No.

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|
| U.S. Dept. of HUD | 620 Saunders Drive North Little Rock, AR 72117 Pulaski County | 0.00 | ☑ Debtor(s) ☐ Trustee | 0.00 | 0.00 | 0.00% |
| Arkansas Development Finance A | 620 Saunders Drive North Little Rock, AR 72117 Pulaski County | 781.00 | ☐ Debtor(s) ☑ Trustee | 9,200.48 | 153.34 | 0.00% |
| Arkansas Development Finance A | 620 Saunders Drive North Little Rock, AR 72117 Pulaski County | 43.50 | ☐ Debtor(s) ☑ Trustee | 0.00 | 0.00 | 0.00% |

3.3     **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ Claims listed in this subsection consist of debts that were:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s) ("910 car claims"), or
(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value ('PMSI within one year").

The creditors below will retain their liens and secured claims will be paid in full under the plan at the monthly payment and interest at the rate stated below. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below, except as to value, interest rate and monthly payment.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|
| Resurgent Capital | | | 348.63 | 0.00 | 5.00% | 6.58 |

3.4     **Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5     **Surrender of collateral.**

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6     **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

Debtor(s) **Kamara Durham** Case No.

## Part 4: Treatment of Fees and Priority Claims

**4.1 General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

**4.2 Trustee's fees.**

The trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

| | |
|---|---|
| Amount paid to attorney prior to filing: | $ **0.00** |
| Amount to be paid by the Trustee: | $ **3,500.00** |
| Total fee requested: | $ **3,500.00** |

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

The initial fee and percentage rate requested in the application are $ **1,500.00** and **25.00** %, respectively.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims.**
Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below**. For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: ____

*Check one, if applicable*
☑ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other, Please specifiy ____

**5.2 Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

Debtor(s) **Kamara Durham**                                                                                           Case No.

5.3    **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

    *Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

6.1    **Executory Contracts and Unexpired Leases.**

    *Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

The executory contracts and unexpired leases listed below are assumed or rejected as indicated.
☑ **Assumed items.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by debtor(s), or by the trustee, as set forth below. Debtor(s) propose to cure any default by paying the arrearage on the assumed leases or contracts in the amount listed on the filed and allowed proof of claim, if contrary to the amount listed below.

| Creditor | Description of contract or property | Payment to be paid by | Payment amount | Number of remaining payments | Arrearage amount | Monthly arrearage payment |
|---|---|---|---|---|---|---|
| Progressive Leasing | Living room furniture | ☑ Debtor(s) <br> ☐ Trustee | 288.00 | 12 | 0.00 | 0.00 |

☐ **Rejected items.** The debtor(s) reject the following executory contracts or unexpired leases. The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the property only. No further payments are to be made to the creditor on the contract or lease. However, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.

| Creditor and last 4 digits of account number | Description of contract or property |
|---|---|
| -NONE- | |

6.2    **Sale of assets.**

    *Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

6.3    **Claims not to be paid by the trustee.**

    *Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

☑ The following claims are to be paid directly to the creditor by the debtor(s) and not by the trustee. These claims include home mortgage, lease payments, and debts actually being paid by a party other than the debtor(s) (who is liable for the debt) from property that is not property of the estate.

| Creditor | Payment to be paid by | Description of property/nature of obligation |
|---|---|---|
| U.S. Dept. of HUD | ☑ Debtor(s) <br> ☐ Other _____ | 620 Saunders Drive North Little Rock, AR 72117  Pulaski County |

6.4    **Postpetition claims.**

    ☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

Debtor(s) **Kamara Durham** Case No.

☑ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

## Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

☐ plan confirmation

☑ entry of discharge

☐ other: _____

## Part 8: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced*

## Part 9: Signatures

**By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.**

**/s/ Brian C. Wilson**  Date **December 13, 2019**
**Brian C. Wilson**
**Signature of Attorney for Debtor(s)**

**/s/ Kamara Durham**  Date **December 13, 2019**
**Kamara Durham**

Date

**Signature(s) of Debtor(s)**
**(required if not represented by an attorney; otherwise optional)**

Debtor(s) **Kamara Durham**  Case No.

# Addendum A - For Amended Plans

# Listing of Additional Creditors and Claims for Plan Purposes

Note: While additional creditors may be listed on Addendum A, the debtor(s) also must file amended schedules as appropriate.

A.1    **Prepetition Nonpriority Unsecured Claims**

The following are creditors with prepetition nonpriority unsecured claims that are added to the plan. These creditors will be provided treatment as described in Part 5.1 of the plan.

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt |
|---|---|---|---|
| -NONE- | | | |

A.2    **Postpetition Nonpriority Unsecured Claims**

The following are creditors with postpetition nonpriority unsecured claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) that are added to the plan by the debtor(s). The creditors listed below are entitled to participate in the debtor(s)' bankruptcy case at the election of the creditor.

**A creditor may elect to participate in the plan by filing a proof of claim for the postpetition claim. The claim will be treated as though the claim arose before the commencement of the case and will be provided treatment as described in Part 5.1 of the plan. Upon completion of the plan and case, any unpaid balance of such claim may be subject to discharge.**

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt | Approval to incur obtained from trustee or court |
|---|---|---|---|---|
| -NONE- | | | | Yes<br>No |

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on or about the 13th day December 2019 of a true and correct copy of the foregoing was mailed to the following via U.S. Mail, postage prepaid.

Chapter 13 Trustee
*via electronic filing*

U.S. Trustee
*via electronic filing*

Ally Financial
200 Renaissance Ctr
Detroit, MI 48243

Arkansas Development Finance A
c/o US Bank National Associati
4801 Frederica St.
Owensboro, KY 42301

Arkansas Development Finance A
c/o US Bank National Associati

Arkansas Plan Form - 8/18   Page 8

Debtor(s) **Kamara Durham**                                             Case No.

4801 Frederica St.
Owensboro, KY 42301


Arkansas Development Finance A
c/o US Bank National Associati
4801 Frederica St.
Owensboro, KY 42301


Arkansas Federal Credit Union
P.O. Box 9
Jacksonville, AR 72078


AT&T Mobility
c/o AT&T Services, Inc.
Karen Cavagnoaro, Paralegal
One AT&T Way, Room 3A218
Bedminster, NJ 07921


Atlas Acquisition
294 Union Street
Hackensack, NJ 07601


Augusta Bank
1241 W. Beebe Capps Expy.
Searcy, AR 72143


Bank of Augusta
100 S. 2nd Street
Augusta, AR 72006


Capital One
P.O. Box 30281
Salt Lake City, UT 84130


Collection Services
1501 N. University Ave
Ste. 950
Little Rock, AR 72217


Comcast
2714 South Shackleford
Little Rock, AR 72205


Comcast Cable
P.O. Box 3005
Southeastern, PA 19398


Comenity Bank/Gordmans
P.O. Box 18789
Columbus, OH 43218


Comenity Bank/Maurices
P.O. Box 182789
Columbus, OH 43218


Arkansas Plan Form - 8/18                                                                                      Page  9

Debtor(s) **Kamara Durham**                                                                                      Case No.

Comenity Bank/VCTRSSEC
P.O. Box 182789
Columbus, OH 43218

Convergent Outsourcing
800 SW 39th Street
Renton, WA 98057

Dept. of Education
3015 Parker Road
Aurora, CO 80014

Dept. of Treasury
Internal Revenue Services
P.O. Box 7346
Philadelphia, PA 19101

Dept. of Workforce Services
P.O. Box 2981
Little Rock, AR 72203

Direct TV
P.O. Box 78626
Phoenix, AZ 85062

Diversified Consultants
10550 Deerwood Park Blvd. 309
Jacksonville, FL 32256

Enhanced Recovery Company
8014 Bayberry Road
Jacksonville, FL 32256

Enhanced Recovery Company
8014 Bayberry Road
Jacksonville, FL 32256

GFS Incorporated
101 S. 5th Street, Ste. 100
Columbia, MO 65201

I C Systems Collections
Attn. Bankruptcy
444 Highway 96 East
P.O. Box 64378
Saint Paul, MN 55164

Jefferson Capital
PO Box 7999
Saint Cloud, MN 56302

Labcorp
P.O. Box 2270
Burlington, NC 27216

Debtor(s) **Kamara Durham**            Case No.

Moma Funding LLC
Quantum3 Group
P.O. Box 788
Kirkland, WA 98083

Moma Funding LLC
Quantum3 Group
P.O. Box 788
Kirkland, WA 98083

Moma Funding LLC
Quantum3 Group
P.O. Box 788
Kirkland, WA 98083

North Little Rock Women's
Clinic Ext 105
3401 Springhill Drive #390
North Little Rock, AR 72117

Orchard Bank
HSBC Card Services
P.O. Box 5222
Carol Stream, IL 60197

Portfolio Recovery
P.O. Box 41067
Norfolk, VA 23541

Portfolio Recovery
P.O. Box 41067
Norfolk, VA 23541

Portfolio Recovery
P.O. Box 41067
Norfolk, VA 23541

Portfolio Recovery
P.O. Box 41067
Norfolk, VA 23541

Premier Bank Card
32970 Popham Lane
Solon, OH 44139

Premier Bank Card
32970 Popham Lane
Solon, OH 44139

Progressive Leasing
P.O. Box 413110
Salt Lake City, UT 84141

Regions
P.O. Box 10063

Arkansas Plan Form - 8/18          Page 11

Debtor(s) **Kamara Durham** Case No.

Birmingham, AL 35202

Resurgent Capital
P.O. Box 10587
Greenville, SC 29603

RPM Management
1501 North University
Suite 501
Little Rock, AR 72207

Shaffer and Associates
P.O. Box 1545
Columbia, MO 65205

South Oaks Apartments
Attn: Business Office
3401 Fair Park Blvd.
Little Rock, AR 72204

State of Arkansas
Dept. of Finance and Admin.
Revenue Legal Counsel
P.O. Box 1272 - Room 2380
Little Rock, AR 72203

Syncb/JC Penny
P.O. Box 965007
Orlando, FL 32896

Syncb/Old Navy
P.O. Box 965005
Orlando, FL 32896

Syncb/Paypal Extra
P.O. Box 965005
Orlando, FL 32896

Syncb/Wal-Mart
P.O. Box 965024
Orlando, FL 32896

U.S. Dept. of HUD
451 7th Street S.W.
Washington, DC 20410

United States Attorney
Eastern District of Arkansas
PO Box 1229
Little Rock, AR 72203

Varius Holding LLC
PO Box 1931
Burlingame, CA 94011

| Debtor(s) **Kamara Durham** | Case No. |
|---|---|

Verizon
P.O. Box 660108
Dallas, TX 75266

/s/ Brian C. Wilson